IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFF LUTERBACK d/b/a ) | |
| A4X5VIEW.COM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-07-857-C |
| ) | |
| HIAS, Inc. d/b/a Hebrew Immigrant ) | |
| Aid Society, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff asserts federal and state law claims against Defendant based on its alleged improper use and distribution of more than a hundred of his photographs. Plaintiff is an independent freelance photographer and creates photographic works of art for sale and distribution. The photographs at issue in this case were taken as part of Plaintiff's travels to foreign countries to document Jewish communities and are included in collections registered with the United States Copyright Office. Defendant is a not-for-profit corporation that works to benefit Jewish people within the United States and abroad.

Plaintiff and Defendant's dealings began in March 2001, when the parties entered into the first of several license agreements authorizing Defendant's limited use of some of Plaintiff's photographs. Plaintiff contends that Defendant has violated the terms of those licenses by its continued use of photographs and failure to publicly attribute them to him. Plaintiff also alleges that Defendant made unauthorized use of other photographs submitted for evaluation purposes only and that Defendant's former president threatened Plaintiff with

physical violence and fired Plaintiff's significant other in retaliation for Plaintiff's demand that the infringement cease and for payment.

Defendant has moved that the Complaint be dismissed for lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim for relief.  Because the Court finds that personal jurisdiction is lacking, the other, alternate grounds for dismissal are not considered.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) authorizes dismissal of a complaint for lack of personal jurisdiction.  Personal jurisdiction over a defendant may be either specific or general.  Specific jurisdiction requires that a defendant purposefully directed activities at residents of the forum, and the injuries alleged arise out of or relate to those activities.  Melea, Ltd. v. Jawer SA, ___ F.3d ___, 2007 WL 4510263, at *4 (10th Cir. Dec. 26, 2007).  General jurisdiction arises when a defendant has had such "'continuous and systematic general business contacts'" with the forum that it is even amendable to suits unrelated to those contacts.  Id. (citation omitted).

When a defendant challenges a court's personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of establishing that the Court's exercise of personal jurisdiction over the defendant is proper.  OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998).  Absent an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to survive a Rule 12(b)(2) motion.  Id.  A prima facie showing may be made based on uncontroverted, well-pled allegations in the complaint

as well as evidence. Ten Mile Indus. Park v. W. Plains Serv. Corp., 810 F.2d 1518, 1524 (10th Cir. 1987).

> [A] district court relying on documentary evidence in its consideration of a motion to dismiss [for lack of personal jurisdiction] may not weigh the factual evidence. Thus, the determination involves an application of the law to the facts as set forth in the affidavits and complaints, favoring the plaintiff where a conflict exists, as well as a determination as to the legal sufficiency of plaintiff's jurisdictional allegations in light of the facts presented.

Id.

## DISCUSSION

Plaintiff contends that the Court has both specific and general jurisdiction over Defendant. For specific jurisdiction, Plaintiff submits evidence that David Johnson, an Oklahoma resident, received a packet of materials from Defendant that "contained infringing works and sought monetary donations." (Dkt. No. 17, Pl.'s Resp. at 10.) In addition, Plaintiff contends that even apart from that mailing, the Court has general jurisdiction over Defendant because Defendant's interactive website solicits donations and enables a person to make donations over the Internet with a credit card. The Court does not agree that the mailing or maintenance of the website suffice as minimum contacts required for personal jurisdiction over Defendant on these claims.

In this case, personal jurisdiction is determined by the laws of the forum state, Oklahoma, and the Due Process Clause of the Fourteenth Amendment. See Far W. Capital, Inc. v. Towne, 46 F.3d 1071, 1074 (10th Cir. 1995) (discussing analysis of personal jurisdiction in diversity cases); Daugherty v. United States, 212 F. Supp. 2d 1279, 1296

(N.D. Okla. 2002) (discussing analysis of personal jurisdiction when a court's subject matter jurisdiction is based on a federal statute that does not authorize nationwide service of process). The two-part inquiry collapses into the due process analysis because Oklahoma's long-arm statute extends jurisdiction to constitutional limits. Rambo v. Am. Southern Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988); 12 Okla. Stat. § 2004 (F). Under that constitutional analysis, a federal court may exercise personal jurisdiction over a nonresident defendant so long as, (1) there exist minimum contacts between the defendant and the forum state and (2) maintenance of the suit does not offend traditional notions of fair play and substantial justice (i.e., is reasonable). Melea, ___ F.3d ___, 2007 WL 4510263, at *3.

### A. Specific Jurisdiction

For purposes of specific jurisdiction, the Court must determine whether Defendant has such minimum contacts with Oklahoma that it "should reasonably anticipate being haled into court [here]." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The quality and the nature of Defendant's activity must be considered to determine whether it "purposefully avail[ed] itself of the privilege of conducting activities within" Oklahoma. Hanson v. Denckla, 357 U.S. 235, 253 (1958). The "purposeful availment" analysis depends on whether Defendant's contacts are attributable to its own actions or those of another and generally requires that Defendant have acted affirmatively to enable or promote a business transaction. Rambo, 839 F.2d at 1420. Mailing letters into a state is not necessarily sufficient in itself to establish minimum contacts. Far W. Capital, 46 F.3d at 1076.

Here, Plaintiff relies on a single mailing, an informational packet, to an Oklahoma resident to support his assertion that specific personal jurisdiction exists. Mr. Johnson's affidavit explains that he contacted Defendant in March 2007 and asked to receive "information on [the] organization." (Pl.'s Resp. Ex. B ¶ 2.) In response, he received a package containing two brochures: "Our Jewish Tradition" and "A Look at HIAS." Although both brochures apparently contain the unauthorized reproduction of some of Plaintiff's copyright protected photographs (Pl.'s Resp. Ex. A ¶¶ 13-14), neither contains an explicit request for a donation.

Although a single correspondence could suffice for due process purposes in certain circumstances, see Rambo, 839 F.2d at 1418, such circumstances do not exist in this case. Defendant's action was a direct response to a third-party's request for information. Cf. Doering ex rel. Barrett v. Copper Mountain, Inc., 259 F.3d 1202, 1211 (10th Cir. 2001) (finding requested solicitation relevant to whether the defendant purposefully directed activities at the forum's residents but that it was "by no means sufficient to establish specific jurisdiction" in that case). And the materials themselves did not solicit contributions. To make a donation Mr. Johnson would have had to contact Defendant again, by phone, mail, or accessing its website. Because Defendant merely provided requested information and its mailing did little to facilitate or promote a financial exchange, the Court holds that Defendant did not purposefully avail itself of any economic benefit in Oklahoma. And even if the mailing qualified for minimum contacts purposes, exercising jurisdiction under these circumstances would be unfair and unreasonable.

### B. General Jurisdiction

The minimum contacts test may also be met if the Defendant had continuous and systematic general business contacts with Oklahoma to be subject to the general jurisdiction of the state's courts. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984). Such contacts may include maintaining an office or place of business in the state, being registered or licensed to do business in the state, soliciting customers in the state, sending agents into the state, holding itself out as doing business in the state, the volume of business done in the state, and having bank accounts or property in the state. See Melea, ___ F.3d ___, 2007 WL 4510263, at * 4; Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 457 (10th Cir. 1996); see also Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1295-96 (10th Cir. 1999) (identifying factors relevant to a determination of general jurisdiction under Utah law). "The facts required to establish general jurisdiction must be extensive and persuasive." Lively v. IJAM, Inc., 2005 OK CIV APP 29, ¶ 26, 114 P.3d 487, 494 (citation and internal quotes omitted).

Plaintiff is correct that, under certain circumstances, the maintenance of an interactive website can constitute "substantial and continuous local activity" for general jurisdiction purposes. See Soma, 196 F.3d at 1296-97.[1] "[F]or a website to support a finding of general

---

[1] For personal jurisdiction purposes, websites are often categorized along a "sliding scale" based on the nature and quality of the on-line operations. See, e.g., Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). The extremes are "active" websites that are clearly for doing business and that allow the foreign defendant to enter into contracts with forum residents "that involve the knowing and repeated transmission of computer files over the Internet" and those that are "passive" and only post information. Id. In the middle are "interactive" websites that allow for information exchange, but will support an exercise of personal jurisdiction only when

jurisdiction on its own, the defendant must systematically contact the forum state through the Internet over a significant period of time." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 1073.1 (3d ed. 2007).[2]  A court in the Northern District of Oklahoma has synthesized the test as: "A web site will subject a defendant to general personal jurisdiction only when the defendant has actually and deliberately used its website to conduct commercial transactions on a sustained basis with a substantial number of residents of the forum." Smith v. Basin Park Hotel, Inc., 178 F. Supp. 2d 1225, 1235 (N.D. Okla. 2001).

The evidence submitted in support of Plaintiff's Response shows that Defendant's website allows a viewer who wants to "Get Involved" to "Donate" by becoming a member of the organization and making a monetary gift. (Pl.'s Resp. Ex. C, Attach. 3.) Members can make their donations by submitting their credit card information on-line and can even arrange for automatic monthly giving. Plaintiff's Oklahoma counsel apparently accessed the website and submitted some personal information to arrive at a personalized donation page.

Because Defendant's website allows it to enroll members and receive financial contributions on-line, it is interactive and income-generating. However, Plaintiff has made no averment or showing that any funds were actually donated by an Oklahoma resident via

---

the interactivity and commercial nature of the exchange is deemed sufficient. Id.

[2] "What a defendant does on many—but not necessarily all—'active' and 'interactive' websites will not rise to the level of the systematic and continuous contacts that are required for the exercise of general jurisdiction, and the same obviously is true of a defendant's activities on its 'passive' websites." Id.

Defendant's website. Except for Plaintiff's counsel's investigation, there is no indication that anyone in Oklahoma has become a member or financial supporter by using the website. Thus, Plaintiff has not shown that Defendant has used its website to conduct commercial transactions on a sustained basis with a substantial number of residents of Oklahoma. Under these circumstances, Defendant's contacts are insufficient to support an exercise of general jurisdiction.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Dkt. No. 10) is GRANTED. The Complaint is dismissed without prejudice for lack of personal jurisdiction over Defendant.

IT IS SO ORDERED this 29th of January, 2008.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge